United States District Court
For the District of Columbia

**FILED**

MAR 19 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Heather Mandelkorn :
6712 Metropolitan Center Dr.
Apt 104
Springfield, Va. 22150 :

*Plaintiff,*

V.

Case: 1:12-cv-00424
Assigned To : Leon, Richard J.
Assign. Date : 3/19/2012
Description: PI/Malpractice

1. United States Of America

Serve: :
Eric Holder
U.S. Attorney General :
U.S. Department of Justice
950 Pennsylvania Avenue, NW :
Washington, DC 20530-0001
:
And,
:

Ronald C. Machen Jr. :
U.S. Attorney for the District of
Columbia, :
United States Attorney's Office
555 4th Street, NW :
Washington, DC 20530
:

And, :

2. THE DISTRICT OF COLUMBIA :
441 4th St. N.W.
Washington D.C. :
20001
:
Serve:
:

Office of the Mayor :
Attn: Vincent Gray
1350 Pennsylvania Ave, 4th Floor :
Washington, DC 20004

*JURY ACTION*

1

Office of the Attorney General :
Attn: Irvin B. Nathan :
441 4th Street, 6th Floor
Washington, DC 20001 :

:

And,

:

3. SPECTRUM HEALTHCARE RESOURCES, INC.
12647 Olive Blvd., :
Ste 600,
Creve Coeur, MO 63141 :

Serve: :

Corporation Service Company :
2711 Centerville Rd, Suite 400
Wilmington :
DE 19808
:

And,

:

4. Unknown officers and employees of
the U.S. Capitol Police, the District of :
Columbia Metropolitan Police,
the U.S. Marshall's Service :
Spectrum Healthcare Resources, Inc.
:
*Defendants.*
:

 COMPLAINT
(Negligence, Civil Rights)


## PARTIES AND JURISDICTION

1. This action is bought under the Federal Tort Claims Act. 28 U.S.C. § 2671,

*et seq*; and 42 USC §1983, 1988, the Fifth and Eighth Amendments to the United

States Constitution and the common law of the District of Columbia. Jurisdiction is

founded upon the aforementioned Constitution and Statutory provisions and D.C. Code §11-921.

2. Plaintiff is a resident of the Commonwealth of Virginia.

3. Defendant, United States of America is a governmental entity which operates the Capitol Police and the U.S. Marshall's Service.

4. The District of Columbia is a local governmental entity.

5. All the events which form the basis of this action took place in the District of Columbia.

5. Spectrum Healthcare Resources, Inc. (hereinafter "Spectrum") is a corporation doing business in the District of Columbia.

6. Plaintiff has Plaintiff has exhausted her administrative remedies by filing claims, as required by 28 U.S.C § 1346(b).

7. Plaintiff has provided notice to the District of Columbia under D.C. Code 12-309.

8. Plaintiff has provided notice to all defendants of medical negligence claims as required by D.C. Code 16-2802.

## STATEMENT OF FACTS

9. Plaintiff was arrested in Virginia on a District of Columbia warrant and four days later was transported into the District of Columbia where she was detained. Initially, she was held by the U.S. Capitol Police. At about 2.00 p.m on May 31, 2011, Plaintiff was transferred to the First District Police station, operated by defendant District of Columbia, where she remained until June 1, 2011. At around 5.30 a.m. she was then

taken to Central Booking where she was charged with one criminal offense. It is believed that this occurred at 300 Indiana Ave. N.W. From there she was taken to the Cell Block underneath the Superior Court at 500 Indiana Ave. N.W. where she was in the custody of the U.S. Marshall's Service. She was eventually presented to a court where she was released on her own recognizance. This occurred around 3.30 pm. on June 1, 2011.

10. Plaintiff is and was at the time of these events, an insulin dependent Type 1 diabetic. No insulin was given to Ms Mandelkorn from the time she was placed into the custody of the Capitol Police until the time she was released by the court over twenty four hours later. She repeatedly requested medications while in the custody of the Capitol Police, and at the First District Police station, and at Central Booking and while in the cell block at the courthouse. Ms. Mandelkorn experienced repeated episodes of vomiting which included vomiting blood, severe abdominal pain, violent shivering, intense headache, general weakness, difficulty in standing, and a feeling that she was about to lose consciousness. She was seen by nurses employed by defendant Spectrum, in the courthouse cellblock at mid-morning on June 1, 2011. Blood was taken and she was told that her blood sugar was 370. She was told that no assistance would be given until it was above 500. No further medical assistance was provided even though plaintiff requested numerous times to see the nurses again and her condition continued to worsen.

11. Upon being released from Superior Court, at around 3.30 p.m. on June 1, 2011, Plaintiff went by ambulance to the George Washington University Hospital Emergency Room where she was diagnosed with acute diabetic acidosis with a severe

increase in white blood cells. She was admitted into the intensive care unit in critical condition. She remained at the Hospital until the evening of June 3, 2011. Ms. Mandelkorn has had problems with her hearing since that time. She has also experienced disturbing recollections of the events described above as well as flashbacks and anxiety attacks as a result of her ordeal. She has incurred substantial medical bills.

## CAUSES OF ACTION

### Count 1

(Negligence – United States, District of Columbia, Spectrum)

12. Plaintiff incorporates by reference, the preceding paragraphs.

13. The Capitol Police, the U.S. Marshall's Service, the District of Columbia and Spectrum, through their employees acting within the scope of their employment, failed to exercise reasonable care by failing to provide Ms. Mandelkorn with urgently needed medications and other medical care.

14. The Capitol Police, upon information and belief negligently failed to advise the D.C. Police of plaintiff's medical status and needed medications.

15. The District of Columbia, upon information and belief negligently failed to advise the U.S. Marshall's Service of plaintiff's medical status and needed medications.

16. The U.S. Marshall's Service negligently failed to re-summon medical assistance to plaintiff after she was seen by nurses employed by Spectrum.

17. The conduct of Spectrum's employees, acting within the scope of their employment, was reckless, indifferent, egregious and outrageous and contravened even the most fundamental standards of basic medical care.

18. The aforesaid negligent acts proximately caused plaintiff serious injury as described above.

WHEREFORE, plaintiff prays for a judgment against all defendants, jointly and severally, awarding compensatory damages in the amount of One Million Dollars, ($1,000,000.00 ) plus interest and costs and an award of allowable expenses. In addition, plaintiff prays for an award of punitive damages against Spectrum in the amount of Two Million Dollars, ($2,000,000.00).

### Count II

(Civil Rights - Unknown officers of U.S. Capitol Police; U.S. Marshall's Service; District of Columbia Metropolitan Police and employees of Spectrum)

19. Plaintiff hereby incorporates the preceding paragraphs by reference.

20. Unknown officers and employees of the U.S. Capitol Police, the District of Columbia Metropolitan Police, the U.S. Marshall's Service and nurses and others supplied by Spectrum, were acting under color of law as police officers and health care providers during the time plaintiff was denied insulin and other medical treatment. Said officers and employees are sued in their individual and personal capacity.

21. Such conduct by the aforesaid officers and healthcare providers was intentional, wanton, callous, cruel, malicious and calculated to cause pain and injury to plaintiff. In so acting, they knowingly and unreasonably disregarded an objectively intolerable risk of harm to plaintiff's health and safety. As a consequence, plaintiff was subjected to an atypical and significant hardship as compared with the ordinary incidents

of life for a detainee, in violation of the protections afforded by the Fifth and Eighth Amendments of the United States Constitution.

22. As a proximate result plaintiff sustained serious physical injuries as described above.

**WHEREFORE**, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $1,000,000 (One Million Dollars), attorney's fees, costs of this suit, and any other relief deemed appropriate by the court.

Respectfully Submitted,

GEOFFREY D. ALLEN, ESQ.

_____
Geoffrey D. Allen
D.C. Bar No. 288142
1730 Rhode Island Ave, NW
Suite 206
Washington, DC 20036

Tel: (202) 778-1167
Fax:(202) 659-9536
E-Mail: GeoffreyAllen@Verizon.net

**JURY DEMAND**
Plaintiff demands trial by jury as to all counts herein which are jury demandable.

_____
Geoffrey D. Allen